# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>**PROCORP, LLC**, a Michigan limited liability company, **TIMOTHY SCHULTZ**, an individual, and **NICHOLE SHAFFER**, an individual,<br><br>    Defendants. | Case Number: 20-cv-11447<br><br>Judge:<br><br>Magistrate Judge: |

# COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendants **PROCORP, LLC**, a Michigan limited liability company, **TIMOTHY SCHULTZ**, an individual, and **NICHOLE SHAFFER**, an individual (hereinafter collectively "Defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (the "Act"), pursuant to section 17 of the Act, 29 U.S.C. § 217, and to recover unpaid

overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

## I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. § 216(c) and § 217, and 28 U.S.C. § 1345.

## II

(A)  Defendant **PROCORP, LLC**, at all times hereinafter mentioned, was a Michigan limited liability company with an office and a place of business at 12260 Universal Drive, Taylor, Michigan, 48180, in Wayne County within the jurisdiction of this Court, and was engaged in the delivery of new vehicles and in the performance of related types of activities.

(B)  **TIMOTHY SCHULTZ**, at all times hereinafter mentioned, was the founder, CEO, and sole owner of **PROCORP, LLC**, who currently resides in Taylor, Michigan, in Wayne County within the jurisdiction of this Court. At all times hereinafter mentioned, **TIMOTHY SCHULTZ** was engaged in business within Wayne

County, and acted directly or indirectly in the interest of **PROCORP, LLC**, in relation to its employees by paying employees, setting rates of pay, giving directions to employees, overseeing the day-to-day operations, and misclassifying employees as independent contractors and was an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

(C) **NICHOLE SHAFFER**, at all times hereinafter mentioned, was an operations manager of **PROCORP, LLC**, who currently resides in Dearborn Heights, Michigan, in Wayne County and within the jurisdiction of this Court. At all times hereinafter mentioned, **NICHOLE SHAFFER** was engaged in business within Wayne County and acted directly or indirectly in the interest of **PROCORP, LLC**, in relation to its employees by giving directions to employees and overseeing the day-to-day operations and was an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

### III

**PROCORP, LLC**, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all

times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

## IV

**PROCORP, LLC**, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

Defendants misclassified their drivers as independent contractors. At all times mentioned herein, Defendants' drivers were employees within the meaning of Sections 3(e)(1) and 3(g) of the FLSA. 29 U.S.C. § 203(e)(1) and (g). The drivers were economically dependent on Defendants, because, among other things:

    (a)    Defendants controlled the drivers' work;

(b) Defendants set the drivers' rates of pay without any negotiation;

(c) Defendants required the drivers to sign broad non-compete agreements with terms set by Defendants;

(d) The drivers performed work integral to Defendants' business;

(e) The drivers' investment was limited to providing their own safety vests and flashlights;

(f) The drivers lacked any opportunity for profit or loss; and

(g) The drivers performed work requiring limited skill and initiative.

## VI

Defendants **PROCORP, LLC**, and **NICHOLE SHAFFER** repeatedly violated, and Defendant **TIMOTHY SCHULTZ** repeatedly and willfully violated, the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. § 207 and § 215(a)(2), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the

meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed by paying employees their regular rates for all hours worked, including hours in excess of 40 hours per week. Specifically, Defendants misclassified their employees as independent contractors and failed to pay the overtime premium for hours worked in excess of 40 in a workweek.

## VII

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. § 211(c) and § 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show, adequately and accurately, the overtime premium paid exclusive of the amounts paid at the regular rate. Defendants also failed to keep pay and time records for the period

from September 24, 2017, to December 30, 2017. Defendants also failed to post and keep posted the Federal Minimum Wage Poster (Form 1088) in a conspicuous place where employees could readily observe a copy.

## VIII

During the period since June 3, 2018, Defendants **PROCORP, LLC**, and **NICHOLE SHAFFER** have repeatedly violated, and during the period since August 22, 2016, Defendant **TIMOTHY SCHULTZ** repeatedly and willfully violated, the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

## IX

On May 30, 2019, the Secretary filed a petition to enforce an administrative subpoena *duces tecum* against **TIMOTHY SCHULTZ** *See Scalia v. Schultz et al.*, Case No. 2:19-mc-50808-VAR-EAS. The stipulated dismissal resolving the subpoena enforcement matter tolled "the statute of limitations set forth at Section 6 of the Portal-to-Portal

Act, 29 U.S.C. § 255" from February 26, 2019, through December 9, 2019, which equals a total of 286 days. *See Stipulation of Dismissal Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure* [ECF No. 11], attached hereto and incorporated herein as Exhibit A. Therefore, the Secretary is entitled to seek back wages and liquidated damages from Defendant **TIMOTHY SCHULTZ** beginning on August 22, 2016, and the Secretary is entitled to seek back wages and liquidated damages from Defendants **PROCORP, LLC**, and **NICHOLE SHAFFER** beginning on June 3, 2018.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    **A.**    For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.**    For an Order:

  **1.** pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c) finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibits B and C (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

  **2.** pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining the Defendants, their corporate successors, corporate alter egos, officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

 **C.** For an Order awarding Plaintiff the costs of this action; and

 **D.** For an Order granting such other and further relief as may

be necessary and appropriate.

        **KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Trial Attorney

/s/ Kevin M. Wilemon
**KEVIN M. WILEMON**
Trial Attorney

Attorney for Plaintiff, Eugene Scalia, Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-6973
Fax: (312) 353-5698
E-mail: wilemon.kevin@dol.gov
Illinois Bar No. 6301185
seidelman.catherine@dol.gov
Illinois Bar No. 6306193

LOCAL COUNSEL:

**MATTHEW SCHNEIDER**
United States Attorney

**PETER A. CAPLAN (P30643)**
Assistant U.S. Attorney

211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Telephone: (313) 226-9784
Email:   peter.caplan@usdoj.gov

10